**Fill in this information to identify the case:**

Debtor Name **GUD Café, LLC**

United States Bankruptcy Court for the: **Eastern District of Pennsylvania**

Case number: **21-10747**

❑ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11                                02/20

[GUD Café, LLC          ]'s Plan of Reorganization, Dated [June 21, 2021]

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is a Pennsylvania Limited Liability Company. Since 2017, the Debtor has been in the business of Restaurant Franchise. The sole member of Debtor is Amy Z. Qui. Debtor is closely associated with AQ Café, Inc., which is owned by Amy Z. Qui's husband, Kai Qui. AQ Café, Inc. owns and operates a Tropical Smoothie Café franchise in West Chester, PA. AQ owns all equipment, assets, and is responsible for all business expenses. AQ Café, Inc. owns and operates the Tropical Smoothie Café franchise at the premises leased in the name of the Debtor. Debtor fell behind in rent payments due to COVID-19, which resulted in Debtor filing this Small Business Chapter 11 bankruptcy.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. **The plan proposes to pay the only creditor 100% of rent arrears owed. Debtors has no assets; therefore, in a liquidation, the sole creditor would receive $0.00.**

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit[1].

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ _____.[2]

The final Plan payment is expected to be paid **60-months post plan confirmation**.

---

[1] Debtor's Plan is contingent on the Court's approval of a Business Agreement between Debtor and AQ Café, Inc. whereby AQ Café, Inc. will provide the necessary funds to fund and complete a successful plan. Therefore, until a hearing upon that motion, parts of this plan cannot get completed.

[2] See footnote 1.

Case 21-10747-elf    Doc 40    Filed 06/22/21    Entered 06/22/21 00:21:59    Desc Main
Document      Page 2 of 6

Debtor Name: **GUD Café, LLC**_____ Case number: **21-10747**_____

for **Small Business Under Chapter 11**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [GUD Café, LLC] (the *Debtor*) from, subject to approval of the Court, revenue of AQ Café, Inc.

This Plan provides for:  
    1  classes of priority claims;  
    0  classes of secured claims;  
    0  classes of non-priority unsecured clams;  
    0  classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ☐ cents on the dollar. This Plan also provides for the payment of administrative and priority claims. – N/A

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01 **Class 1** ................................ All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02 **Class 2** ..................................

The claim of  N/A  to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 3** .................................. All non-priority unsecured claims allowed under § 502 of the Code.

2.04 **Class 4** .................................. Equity interests of the Debtor

Case 21-10747-elf   Doc 40   Filed 06/22/21   Entered 06/22/21 00:21:59   Desc Main
Document   Page 3 of 6

Debtor Name: **GUD Café, LLC**_____ Case number: **21-10747**_____

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims**   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 **Administrative expense claims** will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 **Priority tax claims**   Each holder of a priority tax claim will be paid N/A

3.04 **Statutory fees**   All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees**

**N/A**

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ❏ Impaired<br>x Unimpaired | **Only priority creditor will be paid 100% of arrearge claim.** |
| Class 2 – **Secured claim** | ❏ Impaired<br>❏ Unimpaired<br>**X  N/A** | NO Claims Exist |
| Class 3 – **Non-priority unsecured creditors** | ❏ Impaired<br>❏ Unimpaired<br>**X  N/A** | NO Claims Exist |
| Class 4 - **Equity security holders of the Debtor and Disallowance of Claims** | ❏ Impaired<br>❏ Unimpaired<br>**X  N/A** | NO Claims Exist |

Debtor Name: **GUD Café, LLC**_____ Case number: **21-10747**_____

### Article 5: Allowance a

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed and as to which:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01

(a) The Debtor assumes the following unexpired lease:

**Debtor assumes lease with AZCO Partners for property at 251 East Swedsford Road, Unit 251, Wayne PA 19087.**

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ____60_____ days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

**This is contingent of the Court's approval of Debtor's Motion for approval of agreement between Debtor and AQ Café, Inc.**

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |

| | | |
|---|---|---|
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of _____Pennsylvania_____ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| 8.07 | **Corporate governance :** *The Debtor is a Sole Member Limited Liability Company and will continue as such after confirmation. The sole member will continue to be Amy Z. Qui* | |
| 8.08 | **Retention of Jurisdiction** | The Court will retain jurisdiction after confirmation of the plan. |

**Article 9: Discharge**

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

**Xxx** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Case 21-10747-elf    Doc 40    Filed 06/22/21    Entered 06/22/21 00:21:59    Desc Main
Document    Page 6 of 6

Debtor Name: **GUD Café, LLC**_____ Case number: **21-10747**_____

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

None.

Respectfully submitted,

✘ /s/ *Amy Z. Qui*, sole member of GUD Café, LLC, the Debtor

✘ /s/ *Paul S. Peters III, Esquire*, Attorney for Debtor